IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ray Dowdle, | C/A No.: 1:10-1160-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Pt. J.K. Chilton, Pt. W. Crowe, Pt. Manning, Mt. Watts, Cpt. Ms. Blackwell, | |
| Defendants. | |

This is a civil action filed *pro se* by a local detention center inmate. This is the seventh civil action he has filed in this court since January 2010. In the Complaint filed in this case, Plaintiff alleges that Defendant Chilton, a detention center officer, verbally abused him using profane language, and that the other Defendants, also detention center officers, failed to intervene on Plaintiff's behalf. He cites to certain provisions of the detention center's rule book which he claims are "almost designed like SCDC rules and regulation," and asserts that Defendant Chilton's use of profanity and abusive language toward him violates the rules and his constitutional rights. (Compl. 3.) Plaintiff seeks damages for "emotion damage of the assault and grief pain and suffering . . . ." (Compl. 5.)

The undersigned reviews all pretrial matters in such *pro se* cases pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), and submits findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e)(2); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

they are subject to summary dismissal). For the reasons that follow, the undersigned recommends that the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

## I.     Standard of Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## II.    Discussion

Although Plaintiff does not cite to any specific federal statute or provision as the basis for subject matter jurisdiction in this case, the undersigned reviews this case as having been submitted pursuant to 42 U.S.C. § 1983, as Plaintiff claims that his constitutional rights were violated by a state actor. Verbal abuse of a prisoner, even of the profane variety alleged here, is not actionable under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291, n. 3 (10th Cir. 2001) (explaining that "acts or omissions resulting in

an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"). It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." *Sluys v. Gribetz*, 842 F. Supp. 764, 765 n. 1 (S.D.N.Y. 1994); *see Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Emmons v. McLaughlin*, 874 F. 2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life is not an infringement of a constitutional right)*; Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983).

While the type of language Plaintiff alleges Defendant Chilton used may have been deplorable, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 Fed. Appx. 731, 732 (3d Cir. 2009) (*sua sponte* dismissal affirmed). Given the above legal precedent, Plaintiff's allegations fail to state a claim upon with relief may be granted and are substantially frivolous.

### III. Conclusion

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. Additionally, because the Complaint in this case is frivolous, it is recommended that this case be

deemed a strike for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. U.S.*, 566 F.3d 391, 400 (4th Cir. 2009).

    IT IS SO RECOMMENDED.

*[Signature]*

May 25, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

    Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).